# ORIGINAL

FILED
U.S. DISTRICT COURT

2008 SEP 22 PH 12: 30

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RAFAEL FULGENCIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-007 |
| | ) | |
| WALTER WELLS, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae,

Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence

of confinement. For the reasons that follow, the Court recommends that Respondents McRae

Correctional Facility, Harley Lappin, and the Bureau of Prisons be **DISMISSED** from this

action, that Petitioner's "Motion for Entry of Default" be **DENIED** (doc. no. 6), that the

petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be

**ENTERED** in favor of Respondent Wells.

### I. BACKGROUND

On April 18, 2002, Petitioner was sentenced in the Western District of Louisiana to

---

[1] The Court takes judicial notice that Walter Wells has replaced Michael Pugh as warden at McRae Correctional Facility. Accordingly, pursuant to Fed. R. Civ. P. 25(d)(1), the Clerk is **DIRECTED** to substitute Walter Wells as Respondent in this case.

235 months of imprisonment for conspiracy with intent to distribute cocaine base (crack cocaine). (Doc. no. 10, p. 2). On November 30, 2004, he was re-sentenced in that district to 141 months of imprisonment and is serving his sentence at McRae Correctional Facility ("MCF") in McRae, Georgia. Petitioner filed his § 2241 petition, asserting that Respondents have failed to credit him for time served on his federal sentence in violation of the order of the Honorable Tucker L. Melancon, United States District Judge for the Western District of Louisiana. (Doc. no. 1, Ex. 1). The Court then directed service to be effected on Respondents and also directed Respondents to show cause why Petitioner's writ should not be granted by filing a return and response within twenty (20) days of the date of service. (Doc. no. 3).

## II. PROPER RESPONDENT

Petitioner named Michael V. Pugh, Warden at MCF; Harvey G. Lappin, Director of the Bureau of Prisons; MCF, and the Bureau of Prisons as Respondents in this case. However, Lappin, the Bureau of Prisons, and MCF are not proper respondents because, in a habeas proceeding, the case or controversy is between the person in custody and his custodian. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held . . . ."); Wacker v. Bisson, 348 F.2d 602, 605 (5th Cir. 1965). Furthermore, Michael V. Pugh is no longer Warden at MCF. Rather, Walter Wells is the current Warden at MCF. Thus, Wells, Petitioner's custodian by virtue of his current position as Warden at MCF, is the proper Respondent. Therefore, the Court **REPORTS** and **RECOMMENDS** that Harvey G.

2

Lappin, MCF, and Bureau of Prisons be **DISMISSED** from this case.

### III. MOTION FOR DEFAULT

Petitioner requests an "Entry of Judgment of Default," (doc. no. 9) arguing that Respondents have failed to comply with this Court's Order of February 26, 2008, which directed the Respondents to show cause why Petitioner's writ should not be granted by filing a response and return within twenty (20) days of the date of service. (Doc. no. 2). Respondents Pugh and MCF were served on March 7, 2008 (doc. nos. 4, 5); Respondent Bureau of Prisons on March 10, 2008, (doc. no. 6); Respondent Lappin on March 16, 2008, (doc. no. 3); the United States Attorney General on April 29, 2008 (doc. no. 8); and United States Attorney's Office on April 30, 2008 (doc. no. 7).

Under Fed. R. Civ. P. 4(i), service on the United States is properly accomplished by delivering a copy of the summons and complaint, or in this case, Petitioner's petition for a writ of habeas corpus, to the United States attorney or his designated representative in the district where the action is brought, or by sending a copy of the same by registered or certified mail to the civil process clerk at the United States Attorney's Office. Fed. R. Civ. P. 4(i)(A)(i)-(ii). Such service was properly accomplished under the Federal Rules on April 30, 2008. Respondents proceeded to file their "Response to Petitioner's 28 U.S.C. § 2241 Motion" on May 16, 2008 and have therefore complied with the Court's February 26, 2008 Order to respond to Petitioner's petition within twenty (20) days of service. Thus, no default has occurred.

Furthermore, Petitioner's argument that he is entitled to an entry of default judgment is without merit because, for obvious reasons, "default judgment is not contemplated in

3

habeas corpus cases." Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987). Moreover, default is a drastic remedy appropriate in only the most extreme of circumstances. The Court respects "the usual preference that cases be heard on the merits rather than resorting to sanctions that deprive a litigant of his day in court." Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316-17 (11th Cir. 2002). In sum, default in this case has not occurred, and even if it had, such a judgment would be manifestly unjust and will not be contemplated by the Court. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion for entry of default judgment be **DENIED**.

## IV. SECTION 2241 PETITION

### A. Failure to Exhaust Administrative Remedies

Petitioner's § 2241 petition challenges the duration of his confinement, insomuch as Petitioner alleges that Respondents have failed to credit him for time served on his federal sentence. (Doc. no. 1). A petition for habeas corpus is available to challenge the fact or duration of one's confinement. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Additionally, "[a] claim for credit for time served is brought under [§ 2241] . . . ." United States v. Williams, 425 F.3d 987, 990 (11th Cir. 2005) (quoting United States v. Nyhuis, 211 F.3d 1340, 1355 (11th Cir. 2000)). As Petitioner is challenging the duration of his confinement and seeking credit for time served in federal custody, his petition is proper under § 2241. As noted in Williams, however, claims for credit for time already served are only proper "*after* the exhaustion of administrative remedies." Id. (quoting Nyhuis, 211 F.3d at 1355). Since Petitioner has failed to *properly* exhaust administrative remedies, however, his petition is not properly before this Court.

4

In general, prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir. 1995) (noting requirement for exhausting administrative remedies with the Bureau of Prisons prior to seeking § 2241 relief in federal court); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*) (recognizing that the Bureau of Prisons has established regulations that must be followed before seeking relief in federal court); see also Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (noting exhaustion requirement in relation to bringing § 2241 petition); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims for computation of sentence credit awards).

Petitioner alleges that he has exhausted his administrative remedies before filing the instant petition. However, at MCF, the Administrative Remedy Program for Bureau of Prison issues requires inmates to follow the following grievance procedure: an inmate must (1) submit a grievance to the staff at the facility, (2) appeal to the Bureau of Prisons at the Regional Level, and (3) make a final appeal to the Central Office at the National Level. (Doc. no. 10, p. 5). Inmates are informed that appeals of Bureau of Prisons issues, such as those involving sentence computation, must be *received* by the Privatization Administrator within thirty (30) days of the Warden's final response. (Id.) In the instant case, the Warden's response was issued to Petitioner on August 30, 2007. (Id. at 6). On October 4, 2007, more than thirty (30) days after the Warden's response, Petitioner's Regional Level appeal was received and rejected as untimely. (Id.). Petitioner then appealed to the Central Office at the

National Level, which concurred with the Regional Level's rejection of Petitioner's appeal as untimely, and rejected Petitioner's appeal for being untimely at the Regional Level as well. (Id.).

Petitioner argues that his appeal from the Warden's response was timely, and therefore he has exhausted his administrative remedies, because the "prisoner mailbox rule" applies to his appeal to the Regional Level of the Bureau of Prisons. (Doc. no. 1, p. 4) (citing Houston v. Lack, 487 U.S. 266, 270 (1988)). The prisoner mailbox rule considers appeals filed by a prisoner filed as of the date the notice of appeal is delivered to "prison authorities for forwarding" to the court. Id. However, the rule does not apply outside the context of court filings. Garvey v. Vaughn, 993 F.2d 776, 782 n.15 (11th Cir. 1993). Since Petitioner's appeal was not to a federal court, but rather an administrative body, Petitioner is not entitled to the benefit of the prisoner mailbox rule.

Furthermore, under the Bureau of Prisons administrative remedy regulations, an appeal is filed when it is "logged into the Administrative Remedy Index as received [for a response on the merits]." (Doc. no. 10, p. 7) (citing 28 C.F.R. § 542.18). Courts have adopted a general rule that administrative decisions should not be "toppled over" by the courts "unless the administrative body not only has erred, but has erred against objection made at the time appropriate under its practice." Woodford v. Ngo, 548 U.S. 81 (2006) (quoting United States v. L.A. Tucker Truck Lines, 344 U.S. 33, 37 (1952)). In Woodford, the Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." Id. at 90-91. Although Woodford arose in the context of a civil rights suit, rather than a habeas petition, the Woodford Court noted that the

6

requirement of exhaustion is imposed by *administrative law* in order to ensure that "the agency addresses the issues on the merits." Id. at 90 (citing Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)). Based on the above-cited precedent, this Court concludes that prisoners filing habeas petitions must comply with administrative regulations in order to properly exhaust their administrative remedies. In the instant case, Petitioner's appeal to the Regional Level was received more than thirty (30) days after the Warden's final response to Petitioner's grievance and was not in compliance with administrative remedy regulations. Thus, Petitioner filed his § 2241 petition without properly exhausting his administrative remedies.

### B.    Merits of Petitioner's Claim

Even if Petitioner had satisfied the exhaustion requirement, Petitioner's petition also appears to lack merit on its face. Petitioner contends that Respondents have failed to give him credit against his federal sentence for time served in state custody from August 30, 2000 through June 5, 2004. (Doc. no. 1, p. 4). On April 18, 2002, Petitioner was sentenced on his federal charges. (Doc. no. 10, p. 13). On September 26, 2002, Petitioner was sentenced on state charges, and the sentencing judge in that matter imposed Petitioner's state sentence to begin on August 30, 2000 and to run concurrently with Petitioner's federal sentence. (Id.). Petitioner served time on his state sentence in the Texas Department of Criminal Justice until he was paroled on March 1, 2004. (Id.). He was then taken into federal custody to serve his federal sentence. (Id.). He arrived at the Federal Correction Institution in Manchester, Kentucky on June 7, 2004, where he began serving his sentence. (Id. at 13-14). The Bureau of Prisons has computed Petitioner's sentence as beginning on March 1, 2004, thereby giving

7

him credit for the time served between March 1, 2004 and June 5, 2004. (Id. at 14).

The issues Petitioner raises concerning the computation of his sentence are governed by 18 U.S.C. § 3585(b) and by Program Statement ("PS") 5880.28 of the Sentence Computation Manual (CCA of 1984),[2] which implements the congressional mandate of 18 U.S.C. § 3585(b).

18 U.S.C. § 3585(b) provides:

**(b) Prior Custody Time Credit.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

**(1)** as a result of the offense for which the sentence was imposed; or
**(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Petitioner's argument that he is entitled to credit on his federal sentence for the time he spent in state custody from August 30, 2000 through June 5, 2004, is misguided, as he has already received credit for this time on his State Sentence. As provided in the response to his initial Grievance No. 007-2503-0053: "The Records Department has assured [Warden Pugh] that your jail credit and sentence computation is correct. **During the time in question, you were serving a State sentence and that time was credited toward that State sentence.**" (Doc. no. 1, p. 33) (emphasis added). Accordingly, Petitioner is not entitled to have the credit he has already received on his state sentence to be applied to his federal sentence as well.

---

[3] Program Statements, the BOP's internal agency guidelines, are entitled to some deference from the courts. Reno v. Koray, 515 U.S. 50, 61 (1995).

Moreover, the Supreme Court has ruled that Congress made clear that a defendant could not receive double credit for his detention time.[3] United States v. Wilson, 503 U.S. 329, 337 (1992). The Court also notes that in an unpublished opinion, the Eleventh Circuit affirmed the denial of a petition requesting for credit for time served, concluding, "Pursuant to the clear terms of § 3585(b), a defendant can receive credit for time served only if the specified time period had not been credited against another sentence." Castillo v. Federal Corr. Inst. of Tallahassee, 163 Fed. Appx. 803, 804 (11th Cir. 2006); see also Chaplin v. United States, 451 F.2d 179, 181 (5th Cir. 1971) (holding petitioner was not entitled to credit toward his federal sentence for such time spent in state custody). Because Petitioner was incarcerated pursuant to his state sentence and credited by the state with the time he was incarcerated before coming into federal custody on March 1, 2004, he is not entitled to credit on his federal sentence for the time he spent in state custody.

In sum, Petitioner was credited for the time served on his State Sentence, and therefore he is not entitled to credit for the same time on his federal sentence. Thus, he is not entitled to the relief he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondents McRae Correctional Facility, Harley Lappin, and the Bureau of Prisons be **DISMISSED** from this action, that Petitioner's "Motion for Entry of Default" be **DENIED** (doc. no. 6), that the petition be **DISMISSED** (doc. no. 1), that this civil action be

---

[4] In the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 et seq., which became effective in 1987, Congress rewrote § 3568 and recodified it at § 3585(b). Wilson, 503 U.S. at 332.

**CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this 22nd day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE