ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| RAFAEL FULGENGIO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 308-007 |
| | ) | |
| WALTER WELLS, Warden, et al., | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. One of Petitioner's objections is worthy of discussion, but it does not change the Court's opinion regarding the Magistrate Judge's Report and Recommendation.[1]

Petitioner objects to the portion of the Report and Recommendation that recommends dismissal of his petition for failure to properly exhaust administrative remedies. Specifically, Petitioner contends that the exhaustion requirement should be excused because the library at the prison was under renovation at the time he was pursuing his administrative remedies,

---

[1] Petitioner also objects to the Report and Recommendation on the ground that the Magistrate Judge failed to issue the required Griffith order. See Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (*per curiam*). However, such an order is only required where a motion for summary judgment has been filed in order to afford an opportunity to respond to the movant's affidavits. Id. No motion for summary judgment was ever filed in the instant matter, nor was any motion to dismiss ever filed that could have been converted into a motion for summary judgment. See Fed. Civ. R. P. 12(d). Thus, Petitioner was not entitled to receive a Griffith order.

and therefore, his failure to properly exhaust should be excused. (Doc. no. 17, p. 4). In support of his argument, Petitioner cites to 28 C.F.R. § 542.15, which states as follows:

> An inmate who is not satisfied with the Warden's response [to an inmate's formal grievance] may submit an Appeal . . . to the appropriate Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel within 30 calendar days of the date the Regional Director signed the response. When the inmate demonstrates a valid reason for delay, these time limits may be extended.

28 C.F.R. § 542.15(a). Valid reasons for delay include:

> an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested . . . was delayed.

Id. § 542.14(b). Petitioner's excuse that he could not access the library during the administrative remedy process presumably falls under the heading of "an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal . . . ." Id.

The Court finds this objection to be without merit. These regulations, which have been promulgated by BOP Program Statement 1330.16, pertain to the administrative remedy process that must be followed within the prison system. Thus, it is prison personnel who must grant this extension of time to file an out-of-time appeal while the administrative remedy process is ongoing. It is not for the courts to decide at a later date that the inmate should be excused from timely complying the administrative remedy requirements. This conclusion is supported by the statement in BOP Program Statement 1330.16 that "the inmate should submit written verification *from staff* for any claimed reason for delay." Program

2

Statement 1330.16, ¶8(b) (emphasis added). Thus, in the instant case, the Court may not excuse Petitioner from timely complying with administrative remedy requirements after the fact.

Neither does the Court construe Petitioner's objection as alleging that administrative remedies are (or were) unavailable, inappropriate to the relief he now seeks, or patently futile See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). The availability of the Bureau's Administrative Remedy Program to inmates at McRae seeking to challenge the execution of their sentences has been demonstrated in numerous other cases before this Court.[2] See, e.g., Monestime v. Pugh, CV 305-112 (S.D. Ga. Nov. 10, 2005). While Petitioner may not have had access to the law library due to renovations while he was pursuing his administrative remedies, he does not allege that he was denied access to the administrative remedy process, which would make it "unavailable." Indeed, Petitioner pursued his administrative remedies by submitting a grievance to prison staff, appealing the denial of his grievance to the Bureau of Prisons at the Regional Level, and making a final appeal to the Central Office at the National Level. (Doc. no. 10, pp. 5-6). Petitioner's only problem was his failure to *timely* file his Regional Level appeal. Thus, it is clear that the administrative remedy process was in fact available to Petitioner.

Notwithstanding the finding that administrative remedies were available to Petitioner, he has failed to demonstrate any "extraordinary circumstances" required for the Court to excuse the exhaustion requirement. Fuller, 11 F.3d at 62 (explaining that exhaustion should

---

[2]The Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

only be excused in the "extraordinary circumstances" that administrative remedies are "unavailable" or "patently futile"). The Court is not persuaded that the situation presented by renovations at the prison's law library is so extraordinary that Petitioner should be excused from the exhaustion requirement.[3]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Respondents McRae Correctional Facility, Harley Lappin, and the Bureau of Prisons are **DISMISSED** from this action; Petitioner's "Motion for Entry of Default" is **DENIED** (doc. no. 9); the petition is **DISMISSED** (doc. no. 1); this civil action is **CLOSED**; and a final judgment shall be **ENTERED** in favor of Respondent Wells.[4]

SO ORDERED this 10th day of December, 2008, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[3] While not binding authority, the Court notes the decision in <u>Aceves v. Swanson</u>, 75 Fed. App'x 295, 296 (5th Cir. 2003) (*per curiam*), in which the Fifth Circuit found that refusals to provide the necessary forms to properly exhaust administrative remedies or other misconduct by prison officials hindering access to administrative remedies can render those remedies unavailable. However, there is no suggestion in the instant case that prison officials refused to provide Petitioner with the necessary forms or engaged in any other forms of misconduct that would render his administrative remedies unavailable. Indeed, as noted above, Petitioner clearly was able to obtain the necessary forms to pursue his administrative remedies, albeit in an untimely fashion.

[4] Following the issuance of the Magistrate Judge's Report and Recommendation, Petitioner filed a "Return and Motion to Grant Petitioner's Motion Under 28 U.S.C. Section 2241." (Doc. no. 13). As this motion raises objections to the Magistrate Judge's Report and Recommendation essentially identical to those raised in Petitioner's later filed objections that have been addressed in this Order, Petitioner's "Return and Motion to Grant Petitioner's Motion Under 28 U.S.C. Section 2241" is **MOOT**.